IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1635-10






THE STATE OF TEXAS



v.



ROY ANDREW WEAVER, Appellee





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE NINTH COURT OF APPEALS


POLK COUNTY





 Keasler, J., filed a dissenting opinion in which Keller, P.J., and Hervey,
J., joined.


DISSENTING OPINION 



 Under our recent opinion in Elias v. State, (1) we are required to reverse and remand this
case to the court of appeals so that it can order the trial judge to enter a finding on the
essential, dispositive fact(s) that controls the disposition of this case. Faulting the State for
assuming that the van was parked in a public lot, the majority improperly views the evidence
in the light most favorable to the trial judge's suppression ruling and concludes that the van
was not parked in a public place. But the trial judge did not make any factfinding on whether
the van was parked in a public or private lot. That the majority has to imply the fact that the
van was parked in a private lot clearly proves my point. The only fact that has any bearing
on this issue is the trial judge's finding that "[a] van located beside the defendant's shop on
property owned by the defendant." This statement says nothing about whether the lot was
open to the public. In cases in which the State requests findings, which it did here, the judge
is required to make all essential findings. (2) And under Elias, when the record reveals that the
trial judge failed to make an essential, dispositive finding, when properly requested to do so
by the losing party, the case must be remanded to the trial judge to make such finding(s). (3) 
Only when a trial judge does not enter findings of fact are we permitted to "view the
evidence in the light most favorable to the trial court's ruling and assume that the trial court
made implicit findings of fact that support its ruling . . . ." (4) I dissent to the majority's
disposition of this case and would reverse the court of appeals's judgment and remand the
case so that it can comply with our holding in Elias.


DATE FILED: September 28, 2011

PUBLISH
1. 339 S.W.3d 667 (Tex. Crim. App. 2011).
2. Id. at 674-76 (citing State v. Cullen, 195 S.W.3d 696, 699 (Tex. Crim. App.
2006)). But see State v. Ross, 32 S.W.3d 853, 856-57 (Tex. Crim. App. 2000) (when the
trial judge is not required to not make findings and conclusions, we presume that the trial
judge resolved all factual issues in favor of the prevailing party).
3. Elias, 339 S.W.3d at 676, 679.
4. Ross, 32 S.W.3d at 855 (citing Carmouche v. State, 10 S.W.3d 323, 328 (Tex.
Crim. App. 2000)).